# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAUNESI YVETTE DEBERRY,<br>　　*Plaintiff*,<br><br>　v.<br><br>JEFFREY MICHAEL WACHS, *et al.*,<br>　　*Defendants.* | Case No. 25-cv-3576-ABA |

## MEMORANDUM OPINION

Self-represented Plaintiff Shaunesi Yvette-DeBerry has filed a complaint (ECF No. 1) followed by a "Notice of Clarification Regarding the Relief Sought As To Certain Defendants" (ECF No. 5) and a "Notice of Newly Confirmed Non-Judicial Conduct and Material Timeline Clarification" (ECF No. 8). She alleges various civil rights claims arising out of a criminal case in which she was convicted after a jury trial in the Circuit Court for Anne Arundel County, Maryland. Ms. DeBerry also filed a "Notice of Prior Judicial Involvement and Request for Clerk Review for Reassignment" (ECF No. 7) and a "Motion for PACER Fee Exemption and ADA Electronic Access Accommodation for Active Federal Cases" (ECF No. 10). For the following reasons, Ms. DeBerry's motions and requests will be denied, Count I and XI will be dismissed as to Defendants Judge Jeffrey Michael Wachs, State's Attorney Anne Colt Leitess, John and Jane Doe Assistant State's Attorneys 1-7, Anne Arundel County, and the United States Department of Justice, and Counts II-X and XII will be dismissed as to all Defendants.

## I.    REQUEST FOR RECUSAL

As to Ms. DeBerry's request for judicial reassignment, or recusal (ECF No. 7), a judge shall recuse from a case "in which his impartiality might reasonably be

1

questioned," as well as under additional circumstances enumerated in the relevant statute. 28 U.S.C. § 455(a)–(b). One of those circumstances is where a judge "has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*. § 455(b)(1). A claim for disqualification based on personal knowledge must fail where the judge's "familiarity with the facts stem[s] entirely from his judicial conduct in presiding over earlier proceedings." *United States v. Parker*, 742 F.2d 127, 128 (4th Cir. 1984) (citing *United States v. Carmichael*, 726 F.2d 158 (4th Cir. 1984)).

      In an unrelated case before the Court, *PSEG Renewable Transmission LLC v. Arentz Family, LP, et al.*, Case No. 25-cv-1235, Ms. DeBerry attempted to file a "Motion to Intervene for the Limited Purposes in Support of U.S. Marshall [*sic*] Protection of PSEG Renewable Transmission LLC," which the Court rejected pursuant to Federal Rule of Civil Procedure 24 as Ms. DeBerry was not a party in the case and her motion did not qualify under any of the limited circumstances allowed for intervention. *See* ECF No. 7 at 5. After receiving the return document letter from the Clerk's Office, Ms. DeBerry requested a copy of the Court's order to which the Court responded by letter explaining to Ms. DeBerry that no order was issued in the case as she is not a party to that case and did not have a colorable basis for requesting intervention. *Id*. Upon this basis, Ms. DeBerry contends that her motion in that case was "substantively intertwined with the factual allegations and evidence in the present case involving Defendant Wachs." *Id*. at 1. She further contends that "the existence of a direct merits communication outside the docket creates personal familiarity with factual disputes at issue here" as she contends that the Court's review of her motion in the PSEG case "required consideration of: Plaintiff's June 21, 2023 apprehension by U.S. Marshals without a warrant, Plaintiff's

2

credibility regarding U.S. Marshal involvement, [and] Factual assertion concerning Maryland state actors and interagency conduct." *Id.* at 1–2.

Ms. DeBerry has not shown how the Court's letter regarding the return of her motion to intervene in an unrelated case provided the Court with "personal knowledge of disputed *evidentiary facts* concerning the proceedings" in this case. 28 U.S.C. § 455(b)(1) (emphasis added). To any extent that Ms. DeBerry's motion to intervene in that other case provided the Court with any knowledge related to the evidentiary facts, that familiarity "stemmed entirely from . . . judicial conduct in presiding over earlier proceedings," and thus does not constitute a valid basis for the Court to recuse. *See Parker*, 742 F.2d at 128. Accordingly, the request for reassignment will be denied.

## II.  PROCEDURAL MOTION

Ms. DeBerry filed a Motion for PACER Fee Exemption and ADA Electronic Access Accommodation for Active Federal Cases. ECF No. 10. In this motion, she states that her PACER account is presently disabled and requests that she be granted a fee exemption to use PACER for case-management purposes in this and five other cases. *Id.* ¶¶ 1, 2, 5. She also requests accommodations under 42 U.S.C. § 12131, *et seq.* and 28 C.F.R. § 35.130(b)(7); however, she does not specify what accommodation she is requesting for any disability. *Id.* ¶ 4. To the extent Plaintiff is requesting any form of relief related to cases other than the above-captioned case, the motion will be denied as this Court has no jurisdiction over the filing policies of Plaintiff's cases in the Court of Appeals for the Fourth Circuit or the U.S. District Court for the Middle District of North Carolina. To the extent that Plaintiff wishes to file electronically in this case, the Local Rules of this Court do not provide for *pro se* parties to obtain PACER accounts for electronic filing, but rather that they may file through the Electronic Document

3

Submission System ("EDSS"), which Plaintiff consented to use on November 14, 2025. *See* Local Rule 102.1.d; *Electronic Document Submission System Administrative Procedures*, https://www.mdd.uscourts.gov/sites/mdd/files/EDSS-AdminProcedures.pdf, at 1 (April 2022). Therefore, Plaintiff's motion for PACER fee exemption (ECF No. 10) will be denied and she is directed to conduct filings in accordance with the EDSS Administrative Procedures.

### III.  BACKGROUND

Ms. DeBerry alleges that on October 10, 2022, she was arrested and, on November 15, 2022, formally charged in the Circuit Court of Anne Arundel County, which she alleges left her minor child "in limbo." ECF No. 1 ¶ 1. The charge in that case was for second-degree assault. *See State of Maryland v. Shaunesi Y DeBerry*, Case No. C-02-CR-22-001623. She alleges that between December 2022 and January 2023, Judge Jeffrey Michael Wachs denied multiple requests for pre-trial relief. ECF No. 1 ¶ 2. She alleges that on June 21, 2023, the United States Marshals Service seized her without a valid warrant as the warrant that was provided to her named her as "Shaunessi Melvin" and was subsequently recalled. *Id.* ¶ 4. On March 6, 2024, Ms. DeBerry alleges that Judge Wachs denied her motion for recusal in the criminal case. *Id.* ¶ 5. On October 15, 2025, Ms. DeBerry alleges that State's Attorney Anne Colt Leitess entered an appearance in the case "and took positions discouraging recall of the warrant, notwithstanding the ongoing appellate posture of Plaintiff's case." *Id.* ¶ 7.

Based on these facts, Plaintiff alleges a violation of the Fourth Amendment based on the alleged unlawful seizure by the Marshals Service, the Fourteenth Amendment based on "State Defendants'" alleged abuse of the criminal process for improper purposes, and the First Amendment based on retaliation by striking Plaintiff's motions,

appeals, and requests. *Id.* ¶¶ 21–33.¹ She also alleges a claim of "Denial of Access to Court" pursuant to the First and Fourteenth Amendments, stating that "Defendants' actions, including striking filings, refusing pre-trial hearings, and interfering with ADA accommodations, obstructed Plaintiff's meaningful access to judicial processes." *Id.* ¶¶ 35–36. She then alleges a Fourteenth Amendment claim based on alleged interference with her parental rights and additional claims including a conspiracy to interfere with civil rights, neglect to prevent conspiracy, *Monell* liability, intentional infliction of emotional distress, abuse of process, and violation of the Americans with Disabilities Act. *Id.* ¶¶ 37–52, 55–57. Finally, Plaintiff includes a claim for Declaratory Relief. *Id.* ¶¶ 53–54.

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, "[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal

---

¹ Plaintiff's paragraph numbers jump from paragraph 7 to paragraph 21 on page 8. *See* ECF No. 1 at 8. The Court will refer to the paragraph numbers as written in the complaint.

construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Plaintiff has not paid the fee and has instead moved for *in forma pauperis* status. In such a situation, "the court shall dismiss the case" if it determines that, among other things, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## V.   DISCUSSION

### A.   Judicial Immunity

Judicial immunity provides an absolute bar from suit for judicial acts even if those acts were "'flawed by the commission of grave procedural errors,' and protects even actions 'alleged to have been done maliciously or corruptly.'" *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1872); citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)) (internal citations omitted).

> Early in our country's history, the Supreme Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' Such a freedom would be illusory if judges could be haled into court by every disappointed litigant.

*Gibson*, 85 F.4th at 223 (quoting *Bradley*, 80 U.S. at 347). Judges, however, "are not protected if they act in the 'clear absence of all jurisdiction over the subject-matter' or

6

when they engage in nonjudicial acts." *Id.* (quoting *Bradley*, 80 U.S. at 351; citing *Stump*, 435 U.S. at 360).

In *Gibson*, the Fourth Circuit held that the judge was not entitled to judicial immunity when she stepped outside of her judicial role and personally participated in a search of someone's home for evidence. *Id.* at 224. Conversely, the only facts alleged against Judge Wachs here relate to his rulings on motions, which are squarely within the definition of judicial acts. The Court cannot overlook judicial immunity based solely on Plaintiff's dissatisfaction with the outcome in those rulings. To the extent that any of those rulings may have been erroneous, that is an argument that Plaintiff should have presented on the appeal of those criminal cases, not before this Court. One of Plaintiff's criminal convictions is currently on appeal and, therefore, she has the opportunity to raise this argument in the Anne Arundel Circuit Court. *See State of Maryland v. Shaunesi Y. DeBerry,* Case No. ACM-REG-2298-2025. Therefore, all claims against Judge Wachs will be dismissed.

### B. Prosecutorial Immunity

Prosecutors are absolutely immune from liability for "conduct that is intimately associated with the judicial phase of the criminal process." *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) (quoting *Nero v. Mosby*, 890 F.3d 106, 117–18 (4th Cir. 2018)) (internal quotations omitted). "The [Supreme] Court has distinguished those advocacy functions from administrative or investigative functions that a prosecutor also may perform, and to which absolute immunity may not extend." *Id.* (citations omitted).

The only fact alleged relating to State's Attorney Leitess is that she entered an appearance in the case "and took positions discouraging recall of the warrant, notwithstanding the ongoing appellate posture of Plaintiff's case." ECF No. 1 ¶ 7.

7

Plaintiff claims that these motions to strike constituted a violation of Plaintiff's First and Fourteenth Amendment rights. Those motions constitute actions by the State's Attorney as an advocate for the State and thus are subject to prosecutorial immunity. Therefore, all claims against State's Attorney Leitess will be dismissed.

Plaintiff includes as a party "Defendants John and Jane Doe Assistant State's Attorneys 1-7." *Id.* at 5. There are no facts alleged against any Assistant State's Attorney but, to the extent that they relate to the same claims as those filed against State's Attorney Leitess, prosecutorial immunity would bar claims against them as well. Therefore, all claims against "Defendants John and Jane Doe Assistant State's Attorneys 1-7" will be dismissed.

    **C.**    **Failure to State a Claim**

        **i.**    *Monell* **Liability against Anne Arundel County**

In *Monell v. Department of Social Services.*, "the Supreme Court held that municipalities may be liable for a plaintiff's constitutional harms pursuant to [42 U.S.C.] § 1983." *Washington v. Balt. Police Dep't*, 457 F. Supp. 3d 520, 532 (D. Md. 2020) (citing *Monell v. Dep't of Soc. Sevs.*, 436 U.S. 658, 690 (1978)). In order to establish *Monell* liability, a plaintiff must sufficiently allege three elements: (1) "the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee 'taken in furtherance of some municipal policy or custom'"; (2) "the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality"; and (3) "the plaintiff must allege an affirmative causal link between the 'policy or custom,' and the particular injury suffered by the plaintiff." *Id.* (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984); citing *Spell v.*

*McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987)). The Fourth Circuit has interpreted a "policy or custom" as existing in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Id*. (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)).

Ms. DeBerry broadly alleges "Anne Arundel County, through its policymakers, maintained policies or customs that permitted or encouraged the constitutional violations alleged herein, including failure to supervise, train, or correct improper conduct." ECF No. 1 ¶ 47. Plaintiff's claim fails on the first element as she failed to plausibly allege facts to support a claim against any municipal employees of Anne Arundel County or even list any Anne Arundel County employees as defendants in this case. Despite the fact that Judge Wachs and State's Attorney Leitess physically worked in Anne Arundel County, they were or are both employees of the State of Maryland, not of Anne Arundel County. In any event, the Court has already held that Plaintiff has failed to plausibly allege facts to support a claim against Judge Wachs, State's Attorney Leitess, or anyone else in the State Attorney's Office. *See* § III.A–B, *infra*. The remaining Defendants, "John Doe United States Marshals 1-3" and "United States Marshals Service and/or United States Department of Justice" are federal employees and agencies, and thus also cannot subject Anne Arundel County to *Monell* liability. Even if Judge Wachs, Ms. Leitess, or the other attorneys in the State Attorney's Office were deemed to be municipal employees of Anne Arundel County, Plaintiff's failure-to-train

9

theory fails as she does not "point out 'a specific deficiency' in training, 'rather than general laxness or ineffectiveness in training,'" *Washington*, 457 F. Supp. 3d at 533 (quoting *Spell*, 824 F.2d at 1390), and her failure-to-supervise or failure-to-discipline theory fails as she has not alleged this to be a "'situation[] in which there is a history of widespread abuse,'" *id*. at 537 (quoting *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983)).

Accordingly, all claims against Anne Arundel County will be dismissed without prejudice.

### ii. Claims against the Marshals Service and its agents[2]

Plaintiff makes broad allegations against all Defendants in Counts IV ("Denial of Access to Courts"), V ("Family Integrity / Parental Rights"), VI ("Conspiracy to Interfere with Civil Rights"), VII ("Neglect to Prevent Conspiracy"), IX (Intentional Infliction of Emotional Distress), X ("Abuse of Process (State Tort)"), and XII ("ADA Title II / Rehabilitation Act"). ECF No. 1 at 11–14. However, the only fact alleged related to the United States Marshals Service is regarding the agents' seizure of Plaintiff, which she contends was done without a valid warrant. *Id*. ¶ 4. The Marshals Service has no authority over any motions filed, stricken, or denied in Plaintiff's criminal case (as would be needed for Counts IV and X), over Judge Wachs's order for Plaintiff to remain in custody (as would be needed for Count V), or over any accommodations given or

---

[2] The only remaining Defendants are "John Doe United States Marshals 1-3" and "United States Marshals Service and/or United States Department of Justice." Although the complaint does not specify which counts are alleged against which Defendants, the only counts that specifically mention the remaining Defendants or mention Defendants as a whole are Counts I, IV, V, VI, VII, IX, X, XI and XII. Therefore, the Court will deem those to be the only counts against the remaining Defendants.

denied in her legal proceedings (as would be needed for Count XII). Additionally, Plaintiff failed to state any facts regarding the Marshals Service to support a claim for conspiracy (Count VI) or "neglect to prevent" conspiracy (Count VII) and failed to state any facts to support the allegation that anyone in the Marshals Service engaged in "extreme and outrageous conduct" as is needed for an intentional infliction of emotional distress claim (Count IX). The only fact alleged against the Marshals Service relates only to the events that occurred on June 21, 2023 regarding Ms. DeBerry's arrest. Therefore, all other claims against the Marshals Service and its agents must be dismissed without prejudice.

## VI.    CONCLUSION

For the foregoing reasons, all claims against Judge Jeffrey Michael Wachs, State's Attorney Anne Colt Leitess, John and Jane Doe Assistant State's Attorneys 1-7, Anne Arundel County, and the United States Department of Justice will be dismissed without prejudice. As to John Doe United States Marshals 1-3 and the United States Marshals Service, all claims other than Counts I and XI will be dismissed. A separate order follows.

Date:  February 12, 2026                                    /s/
                                                    Adam B. Abelson
                                                    United States District Judge